# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

KENNETH BARNES,
*Prisoner Identification No. 401-483*,

    Plaintiff,

v.

WEXFORD HEALTH CARE SERVICES,

    Defendant.

Civil Action No. TDC-15-3997

## MEMORANDUM OPINION

Plaintiff Kenneth Barnes, previously an inmate at Dorsey Run Correctional Facility ("Dorsey Run") in Jessup, Maryland, has filed suit under 42 U.S.C. § 1983 alleging that Defendant Wexford Health Care Services ("Wexford"), Dorsey Run's contracted medical-services provider, violated his rights under the Eighth Amendment to the United States Constitution. Presently pending is Wexford's Motion to Dismiss or Alternatively for Summary Judgment. Having reviewed the submitted materials, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion, construed as a motion for summary judgment, is GRANTED.

## BACKGROUND

In July 2014, Barnes, then housed at a different correctional facility, was assaulted by other inmates and suffered various injuries, including a broken leg. That injury took several surgeries to repair. On December 30, 2015, Barnes filed suit in this Court against Wexford asserting that, in the wake of those surgeries, he suffered from chronic pain for which he was not adequately treated, despite his repeated requests to see a pain management specialist. Wexford

then filed the pending Motion, to which it appended Barnes's prison medical records. Those records establish that beginning in August 2014, upon Barnes's transfer to Dorsey Run, Wexford medical staff repeatedly examined and treated Barnes for issues relating to his leg. From August 2014 until November 2015, he was regularly prescribed the medication Ultram to treat his leg pain and received various other supplemental pain medications. In late 2014 and early 2015, Barnes was also referred to an orthopedist for specialized care. From October to December 2014, he had three physical therapy sessions for his leg, and in July and August 2015, he underwent a second round of physical therapy, consisting of five sessions.

On October 11, 2016, this Court mailed Barnes a letter informing him of Wexford's Motion and providing him instructions on how to respond. Despite receiving two extensions, Barnes ultimately never filed a memorandum in opposition to Wexford's Motion. A December 14, 2016 letter from the Court granting the second of Barnes's Motions to Extend Time was returned to this Court as undeliverable, with a notation stating that Barnes had been released from Dorsey Run. The Court has received no correspondence from Barnes since that date.

## DISCUSSION

In its Motion, Wexford asserts that it is entitled to dismissal or summary judgment because (1) Wexford is not liable because there is no vicarious liability under § 1983 and there is no evidence of a custom or policy to act with deliberate indifference to serious medical needs; (2) Barnes has failed to establish an Eighth Amendment claim for deliberate indifference to his medical needs; and (3) Wexford is entitled to qualified immunity.

I. **Legal Standard**

Wexford moves to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Rule 56. Where

Wexford has attached Barnes's medical records as exhibits to its Motion, the Court may consider those documents only if it construes the Motion as a motion for summary judgment. Fed. R. Civ. P. 12(d). A court can do so only if it gives the nonmoving party "a reasonable opportunity to present all the material that is pertinent to the motion." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (citation omitted). "Reasonable opportunity" has two requirements: (1) the nonmoving party must have some indication that the court is treating the Rule 12(b)(6) motion as a motion for summary judgment, and (2) the nonmoving party "must be afforded a reasonable opportunity for discovery" to obtain information essential to oppose the motion. *Id.* The notice requirement is not onerous, requiring only that the nonmoving party be aware that material outside the pleadings is pending before the Court. *Id.* Here, Wexford explicitly stated in the title of its Motion that it is potentially seeking summary judgment. Barnes received that Motion, as evidenced by his requests for an extension to respond to it, and he received a letter from the Court instructing him on the standards and procedures for motions under Rules 12 and 56. The "reasonable opportunity for discovery" requirement has been met because Barnes has had the opportunity to file an affidavit or declaration under Rule 56(d), or to make an equivalent statement, providing specified reasons that he cannot "present facts essential to justify [his] opposition," but has not done so. Fed. R. Civ. P. 56(d); *see Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 245 (4th Cir. 2002); *Hamilton v. Mayor & City Council of Balt.*, 807 F. Supp. 2d 331, 341 (D. Md. 2011). Furthermore, by failing to oppose Wexford's Motion, Barnes has conceded that this case can be resolved on summary judgment. *See Harrods*, 302 F.3d at 244 (stating that "the party opposing summary judgment cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery") (citation omitted). *Cf. Mentch*

*v. Eastern Sav. Bank, FSB*, 949 F. Supp. 1236, 1247 (D. Md. 1997) (finding that the plaintiff had abandoned a claim "by failing to address that claim in her opposition to [the defendant's] motion for summary judgment, or to offer clarification in response to [defendant's] reply brief"). The Court accordingly considers Wexford's Motion as one for summary judgment.

Under Federal Rule of Civil Procedure 56(a), the Court grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the Motion, the Court views the facts in the light most favorable to the nonmoving party, with all justifiable inferences drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). The nonmoving party has the burden to show a genuine dispute on a material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.* at 248-49.

## II. Eighth Amendment

Barnes asserts that Wexford provided inadequate treatment for his pain that amounted to cruel and unusual punishment in violation of the Eighth Amendment. U.S. Const. amend. VIII. Section 1983 allows individuals to sue in federal court any person who violates their federally protected rights while acting under the color of law. 42 U.S.C. § 1983 (2012). The United States Supreme Court, in *Monell v. Department of Social Services of the City of New York*, 436

U.S. 658 (1978), concluded that local government entities are considered "persons" for the purposes of § 1983, but they cannot be held liable solely because they employ an individual who committed an unlawful act. *Id.* at 690–91. Rather, local governments can only be sued if the constitutional violation alleged results from a custom or policy of the local government. *Id.* This standard also applies to private companies that employ individuals acting under color of state law, such as special police officers or prison medical personnel, who allegedly commit unlawful acts. *See Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) (citations omitted). Thus a company such as Wexford is liable under § 1983 "*only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Id.*

Here, the undisputed evidence establishes that Barnes received regular pain medication for his leg injury, that he was referred to an orthopedist for specialist treatment, and that he underwent two courses of physical therapy. Although Barnes may take issue with whether that treatment was adequate to address injuries and may contend that he should have been referred to an outside pain specialist, the fact that he was regularly provided treatment renders his claim against Wexford fatally flawed. That regular course of treatment leaves Barnes unable to establish that Wexford had an official policy or custom of not providing pain-management care. Nor is there any evidence that Wexford had an official policy or custom of refusing to refer inmates to pain specialists. Wexford's Motion will therefore be granted.

Even if Barnes were permitted to amend his Complaint to name as defendants individual Wexford employees whom he believes were directly responsible for denying him constitutionally adequate care, his claim would still fail. A prison official violates the Eighth Amendment when the official shows "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Jackson v. Lightsey*, 775 F.3d 170, 178

(4th Cir. 2014). To be "serious," the condition must be "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Jackson*, 775 F.3d at 178 (quoting *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008)). "An official is deliberately indifferent to an inmate's serious medical needs only when he or she subjectively knows of and disregards an excessive risk to inmate health or safety." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). A deliberate indifference claim has both an objective component, that there objectively exists a serious medical condition and an excessive risk to the inmate's health and safety, and a subjective component, that the official subjectively knew of the condition and risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that an official must have "knowledge" of a risk of harm, which must be "objectively, sufficiently serious").

Deliberate indifference is an "exacting standard" that requires more than a showing of "mere negligence or even civil recklessness, and as a consequence, many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." *Id.* (citations omitted); *Rich v. Bruce*, 129 F.3d 336, 339 (4th Cir. 1997) (finding that even when prison authorities are "too stupid" to realize the excessive risk their actions cause, there is no deliberate indifference). To constitute deliberate indifference to a serious medical need, the defendant's actions "must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) *overruled in part on other grounds by Farmer*, 511 U.S. at 837.

Here, assuming that Barnes suffers from a serious medical condition, the facts establish that he received regular treatment for that condition. Because he could not claim that he received no treatment, his claim against individual Wexford employees would have to be that his

6

treatment was ineffective or that he was not referred to a pain management specialist. However, the failure of the treatment successfully to resolve Barnes' medical needs does not constitute deliberate indifference. *See Estelle,* 429 U.S. at 105–06. Likewise, a disagreement between an inmate and a physician over proper medical care, such as whether to consult a specialist, is also insufficient to show deliberate indifference. *See id.* at 105-07; *Wright v. Collins,* 766 F.2d 841, 849 (4th Cir. 1985). Thus, any claim against the individual medical personnel would be futile.

Finally, the Court notes that Barnes has not contacted the Court since December 2016 and that, later that same month, correspondence sent to him was returned to the Court as undeliverable. Local Rule 102.1(b)(iii) requires *pro se* litigants to keep a current address on file and cautions such litigants that a failure to do so may result in dismissal of their claims. It has been over eight months since Barnes was released, and he has not provided this Court with any means to contact him. Barnes's failure to provide this Court with the information needed for this litigation to move forward provides separate grounds for the Court to dismiss his case without providing him an opportunity to amend his Complaint. *See* D. Md. Local R. 102.1(b)(iii).

## CONCLUSION

For the reasons set forth above, Wexford's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, construed as a Motion for Summary Judgment, is GRANTED. A separate Order shall issue.

Date: September 12, 2017

THEODORE D. CHUANG
United States District Judge